Staunton.

Denniston v. Saul and Others.

September 15, 1910.

Absent, Cardwell, J.

1. Taxation—*Tax Sale—Redemption—Tender to Purchaser of Record —Conveyance to Third Person—Notice.*—The purchaser of record of land sold for delinquent taxes is the only person to whom an offer by the owner to redeem can be made. If, upon tender to him of the proper amount and within the time required by law, he refuses it, the tender may be made to the clerk of the circuit court of the county whose officer sold the land. This is all that is required of the former owner by sections 650 and 651 of the Code, in order to redeem, and if the clerk refuses to receive the sum tendered, the purchaser cannot defeat the former owner's right of redemption by having the land conveyed to a third person, although the latter was ignorant of the owner's perfected right of redemption. The grantee in such a deed takes no higher or greater rights than the purchaser of record had.

2. Taxation—*Tax Sale — Redemption — Tender — Refusal — Vacating Sale.*—If, within the redemption time fixed by law, a purchaser at a tax sale refuses to receive from the owner of land the amount due for the redemption thereof, and a sufficient tender thereof is made to the proper clerk and refused by him, and he conveys the land to a third person at the request of the purchaser, upon a proper bill filed for that purpose by the owner of the land, a court of equity will vacate the deed so made as aforesaid, and permit the owner to redeem the land by paying the amount prescribed by the statute.

Appeal from a decree of the Circuit Court of Roanoke county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Thomas W. Miller*, for the appellant.

*Kime & Fox*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellant, asking to have a tax deed conveying certain lots to the Salem Land Corporation declared null and void, and that he be allowed to redeem said lots by paying the taxes due thereon.

The lots in question were returned delinquent by the treasurer of Roanoke county in the name of the appellant, A. C. Denniston, and sold in January, 1907, to J. P. Saul for $24.00, and in June, 1907, the sale was confirmed by an order of the Circuit Court of Roanoke county. In June, 1908, by direction of J. P. Saul, a deed from the clerk was recorded, conveying the lots to the Salem Land Corporation.

The record shows that within four months after the sale was confirmed the appellant, through T. W. Miller, his attorney, offered to redeem the lots by paying to J. P. Saul, the purchaser, all that was due him on account of his purchase of the lots. The purchaser declined to receive payment, saying that R. W. Kime was counsel for the syndicate for which he had bought the lots, that he had the treasurer's receipt for what had been paid, and that appellant must deal with said counsel. Soon thereafter the owner of the lots, through his same attorney, tendered the amount due to R. W. Kime, the attorney for the purchasers, who refused to receive the same upon the sole ground that under instructions from his client he could not receive the price of redemption until the attorney for the owner should produce in writing his authority to act in the matter of redeeming the lots. Thereupon T. W. Miller, the attorney for A. C. Denniston, the owner of the lots, made a sufficient tender of the amount due to C. D. Denit, the county clerk of Roanoke county, who declined to

receive the same upon the ground that he did not consider himself authorized to do so by the statute.

Upon these facts, which are satisfactorily established by the record, the circuit court denied the prayer for relief, and dismissed the bill with costs.

A. C. Denniston, the owner of the lots in question, lived in Philadelphia, and it clearly appears that T. W. Miller, of the city of Roanoke, was his duly authorized attorney, with full power to act for him in the matter of redeeming these lots. It is unnecessary to decide whether or not the purchaser of the lots at the tax sale had the right to decline to receive the redemption price from the attorney of the owner until he had produced a writing showing his authority to redeem. A suffiient tender of the redemption price was made to the clerk immediately after the refusal of the purchaser, through his attorney, to receive the same, and the statute expressly provides that where the purchaser shall refuse to receive the redemption price, the same may be paid, within the redemption period, to the clerk of the circuit court of the county whose officer may have sold such real estate. Code, 1904, sec. 651.

The Salem Land Corporation contends that its title, under the deed of June, 1908, cannot be disturbed because it had no notice of the tenders made by appellant in his efforts to redeem the lots.

It appears that at the time of the purchase of these lots by J. P. Saul he was acting for a syndicate composed of himself and others, and that it was then understood that a corporation was, at some time thereafter, to be formed, to which the lots should be conveyed. Pursuant to this understanding, the Salem Land Corporation was formed, with J. P. Saul, the purchaser of the lots, as its president, but when it was created does not appear. So far as the record shows there is no evidence of its existence until the deed was made to it in June, 1908, which was months after the day of redemption

had passed. It is hardly creditable, under the circumstances of this case, that the Salem Land Corporation did not know of the offers of the appellant to redeem his lots. It is, however, immaterial whether it knew of such offers or not. J. P. Saul was the purchaser of record and the only person to whom the offer to redeem could be made. When Saul and his attorney successively refused to receive the redemption price, there was no intimation from either that J. P. Saul was not the proper person to receive the payment, or that a corporation had been created to which the redemption price of the lots should be paid.

In this case the owner had done all that the statute required of him in order to redeem his lots. He had tendered the amount due to the purchaser of record and upon his refusal to receive it had tendered the same to the clerk. When the owner has done all that is required to entitle him to redeem his land, the purchaser cannot defeat that right by having the land conveyed to a third person, although such third person be ignorant of the owner's perfected right of redemption. If this device were to prevail, the right of the owner to redeem could be easily defeated in many cases. The grantee in such a deed takes no higher or greater rights than the purchaser of record had.

The puchaser at the tax sale having refused to receive the amount due for the redemption of the lots, and a sufficient tender thereof having been made to the clerk and refused by him, the prayer of the bill should have been granted.

The decree appealed from must, therefore, be reversed and set aside, and the cause remanded for further proceedings in accord with the views expressed in this opinion.

*Reversed.*